CITY OF BRIDGETON, DEFENDANT IN CERTIORARI, v. HUGH SMITH, JR., PROSECUTOR IN CERTIORARI.

Decided July 14, 1923.

**Municipal Regulation of Jitneys—Ordinance Relating to Owner's License does not Extend to Drivers who have Driver's Permit.**

On *certiorari.*

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *Rex A. Donnelly.*

For the defendant, *Walter H. Bacon, Jr.*

PER CURIAM.

The prosecutor was convicted in the mayor's court of the city of Bridgeton of a violation of ordinance No. 298 and fined $200 and costs, amounting to $10.15.

The ordinance under which the conviction was had is entitled "An ordinance concerning auto buses, commonly called jitneys, as defined by chapter 136 of the laws of 1916, as amended, and to license for revenue such auto buses and to regulate the operation thereof over the streets of the city of Bridgeton." It is designated as "ordinance No. 298."

The complaint made against the prosecutor and on which he was prosecuted and convicted charges, "that on the twenty-sixth day of October, 1922, Hugh Smith, late of the city of Millville, at Bridgeton aforesaid, did operate a motor bus or jitney over a specified route within the limits of the city of Bridgeton without having first obtained an operator's permit, in violation of section 1 of ordinance No. 298 of the city of Bridgeton, approved July 11th, 1922, and July 17th, 1922, and, therefore, prays that the said Hugh Smith may be apprehended," etc.

Section 1 of the ordinance alleged to have been violated by the prosecutor reads:

"Section 1. All auto buses or jitneys operated or to be operated over specified routes, wholly or partly within the limits of the city of Bridgeton, shall be licensed, the drivers thereof shall obtain operators' permits, and said auto buses or jitneys shall be operated in accordance with the consents granted under the provisions of the ordinance."

While section 1 provides that the drivers of such buses or jitneys shall obtain operators' permits it is quite clear that this provision relates only to the owner, lessee or possessor of an auto bus and not to one who is hired as a driver by such owner, lessee or possessor, for section 2 of the ordinance reads: "Every owner, lessee or possessor of an auto bus or jitney, as defined by section 1, before operating or causing or permitting to be operated any such auto bus or jitney shall make application, in writing, to the city council of the city of Bridgeton, on forms to be furnished by the city for that purpose for a license for each auto bus or jitney and for an operator's permit for each driver thereof, which said application shall be duly verified," &c.

While it is true that section 1 provides that operators of licensed buses and jitneys shall obtain operators' permits, it is clear that from a plain reading of this section in conjunction with section 2 of the ordinance that the requirement of operators' permits is intended to apply to an owner, lessee or possessor of a licensed auto bus or jitney operating the same, for by section 2 of the ordinance the obligation to obtain operators' permits is imposed exclusively upon the owner, lessee or possessor of an auto bus or jitney, who is required to make application, in writing, to the city council, on forms to be furnished by the city for that purpose, for a license for each auto bus or jitney and for an operator's permit for each driver thereof.

There is no requirement in the ordinance for a driver of an auto bus or jitney to obtain an operator's license.

This privilege is only accorded, by the ordinance, to the owner, lessee or possessor of such vehicles.

It seems to us that by the term "possessor" it was clearly intended to include one who was neither owner nor lessor, but had some interest in the vehicle other than that of being its driver, and that this is so is plainly expressed by section 2 of the ordinance which requires the "possessor" of such auto buses or jitneys to apply for a license for each auto bus or jitney and for an operator's permit for each driver.

Penal laws must be strictly construed. They cannot be properly extended by judicial declaration to include persons or objects not clearly expressed either by intendment or implication.

The complaint, therefore, is radically defective in not setting forth that the prosecutor was the owner, lessee or possessor of the auto bus if that was the fact. According to the testimony the prosecutor did not possess any of the attributes required by the ordinance, but was only the driver of the vehicle employed by its owner.

Succinctly expressed, we are of the opinion that the only person made subject to prosecution for the violation of section 1 of the ordinance are the owners, lessees or pos-

sessors of auto buses or jitneys who fail to obtain a license and operator's permit, as provided for by section 2 of the ordinance.

But the complaint is also radically defective in that it does not set out in terms the specified route over which the prosecutor operated the auto bus or jitney. For aught that can be gleaned from the complaint he might have had a license and operator's permit to operate over certain streets within the limits of the city of Bridgeton. By the ordinance the applicant is required to apply for a license and operator's permit for a certain specified route to which the operation of his vehicle will be confined. Now in order to apprise an accused of what particular infraction of the ordinance he is charged with the complaint must set out the specified route for which he had an operator's permit, and the route which is alleged to have been unlawfully operated upon. This is necessary, not only that the accused may know with what offense he is charged, but to give him an opportunity to defend himself properly.

It is quite evident from a reading of the complaint that it is founded upon the theory that the ordinance provides for the penalizing of a driver of an auto bus or jitney who has no operator's permit, to operate over a specified route. But even if this were conceded, notwithstanding that we think the very provisions or the ordinance forbid any such construction, nevertheless the complaint is defective, since it does not set out what that specific route was and in what respect there was a violation of it.

For the reasons given the judgment is reversed, with costs.